# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **NATHANIAL BLAKE McCLANAHAN,** | )<br>) |
| Plaintiff, | ) Case No. 7:23CV00134<br>) |
| v. | ) **OPINION**<br>) |
| **HONORABLE PATRICK JOHNSON, ET AL.,** | ) J‍UDGE J‍AMES P. J‍ONES<br>)<br>) |
| Defendants. | ) |

*Nathanial Blake McClanahan, Pro Se Plaintiff.*

The plaintiff, Nathanial Blake McClanahan, a Virginia inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. McClanahan sues a judge, a prosecutor, and his defense attorney, complaining that he did not have a bond hearing and that his court date was "put off or continued 5 times."[1] Compl. Attach., ECF No. 1-1. As relief, McClanahan seeks compensation for wrongful incarceration and disbarment of the defendants. After review of the Complaint, I conclude that this civil action must be summarily dismissed.

---

[1] McClanahan alleges that the prosecutor opposed a bond hearing because sentencing was scheduled for November 9, 2022. State court records available online indicate that McClanahan was convicted in the Buchanan County, Virginia, Circuit Court in April 2020, On November 6, 2022, the court found him guilty of probation violations and sentenced him to prison. McClanahan is currently confined at Pocahontas State Correctional Center.

Under 28 U.S.C. § 1915A(a), "[t]he court shall review, . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court shall dismiss such a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief can be granted." 28 U.S.C. § 1915A(b)(1). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, McClanahan cannot proceed with any § 1983 claim against his defense attorney because he does not qualify as a person acting under color of state law for purposes of § 1983. A criminal defense attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a prerequisite for any civil action brought under 42 U.S.C. § 1983. *Hall v. Quillen*, 631 F.2d 1154, 1155 (4th Cir.1980).

In addition, the other defendants whom McClanahan has named enjoy absolute immunity against his § 1983 claims for monetary damages. Judges have absolute immunity from claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991). A prosecutor also has absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely

associated with the judicial phase of the criminal process. *Van de Kamp v. Goldstein*, 555 U.S. 335, 341-343 (2009).

From McClanahan's allegations, it is clear that he has no § 1983 claim against his defense attorney, who did not act under color of state law when he allegedly failed to obtain a bond hearing or a speedier trial for his client. And the judge and prosecutor, who allegedly opposed or failed to grant bond, are absolutely immune from McClanahan's § 1983 claims for monetary damages for these actions taken in their respective roles in the judicial process. For these reasons, I will dismiss this action pursuant to § 1915A(b)(1), for failure to state a claim upon which relief could be granted.

A separate Order will be entered herewith.

DATED: July 14, 2023

/s/ JAMES P. JONES
Senior United States District Judge